1
2
3
4
5
6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                  * * *

9   JOSE LUIS HERNANDEZ-RAMIREZ,            Case No. 2:15-cv-01280-MMD-VCF

10                           Petitioner,                ORDER

    v.
11

12  ATTORNEY GENERAL OF THE STATE
    OF NEVADA,
13
                            Respondent.
14

15          Jose Luis Hernandez-Ramirez, who is incarcerated in the Henderson, Nevada,

16  Detention Center, has submitted a petition for a writ of habeas corpus, initiating this

17  habeas corpus action.

18          Hernandez-Ramirez did not initially pay the filing fee of $5.00, and he did not

19  submit an application to proceed *in forma pauperis.* On July 13, 2015, the Court ordered

20  him to either pay the filing fee or apply to proceed *in forma pauperis.* (Dkt. no. 2.) On

21  July 23, 2015, Hernandez-Ramirez filed an application to proceed *in forma pauperis.*

22  (Dkt. no. 3.) The information provided by Hernandez-Ramirez in that application

23  indicates that he is unable to pay the filing fee. The Court will, therefore, grant

24  Hernandez-Ramirez's application to proceed *in forma pauperis* and will not require him

25  to pay the filing fee.

26          The Court has reviewed Hernandez-Ramirez's petition for a writ of habeas

27  corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

28  States District Courts, and it appears that the petition does not state a potentially

1   meritorious claim for habeas corpus relief and is subject to dismissal. The Court will

2   grant Hernandez-Ramirez an opportunity to show cause why this action should not be

3   dismissed for the reasons described below.

4          Hernandez-Ramirez states in his petition that in 2009 he was convicted of the

5   crime of attempted theft, a gross misdemeanor, in Nevada's Eighth Judicial District

6   Court, and sentenced to a period of probation. *See* Petition for Writ of Habeas Corpus

7   (dkt. no. 1 at 1).  Hernandez-Ramirez does not make any claim that he pursued a direct

8   appeal to the Nevada Supreme Court. He goes on to state that on December 16, 2014,

9   he was arrested by the Department of Homeland Security, and that removal

10  proceedings were initiated against him. *See id*. He states that, currently, his appeal to

11  the Board of Immigration Appeals (BIA) is pending.  (*See id*. at 1-2.)

12         It is unclear whether, in this action, Hernandez-Ramirez challenges his state-

13  court conviction or the federal removal proceeding. With respect to the relief he seeks,

14  his petition states only that his petition should be granted. The petition purports to be

15  brought under 28 U.S.C. § 2241, but it names as respondent the Attorney General of

16  the State of Nevada, and has attached a copy of an order entered in the state district

17  court in a state habeas proceeding. However, whether construed as a petition under 28

18  U.S.C. § 2241 challenging the removal proceeding, or a petition under 28 U.S.C. § 2254

19  challenging his state-court conviction, the petition appears to be without merit.

20         28 U.S.C. § 2241 provides for habeas corpus relief for persons, "in custody under

21  or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1).  However, with

22  limited exceptions that appear inapplicable here, habeas corpus relief from final orders

23  of removal lies only with the court of appeals. 8 U.S.C. §§ 1252(a)(5), 1252(e);

24  *Mamigonian v. Biggs*, 710 F.3d 936, 941 (9th Cir.2013). It appears, therefore, that this

25  Court lacks jurisdiction over Hernandez-Ramirez's petition.

26         Moreover, with respect to removal proceedings, judicial review is permitted only

27  regarding final orders. 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and

28  fact, including interpretation and application of constitutional and statutory provisions,

1   arising from any action taken or proceeding brought to remove an alien from the United

2   States under this chapter shall be available only in judicial review of a final order under

3   this section."). An order of removal becomes final when affirmed by the BIA. *See* 8

4   U.S.C. § 1101(a)(47)(B). According to Hernandez-Ramirez's petition, his appeal to the

5   BIA is pending, so there is not yet a final order.[1] Therefore, judicial review is not

6   permitted. *See Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir.2011).

7          Moreover, Hernandez-Ramirez's petition does not state any ground for relief with

8   respect to the federal removal proceeding.

9          Therefore, construed as a petition for writ of habeas corpus pursuant to 28

10  U.S.C. § 2241 challenging the removal proceedings, the Court lacks subject matter

11  jurisdiction. Setting aside this jurisdictional defect, Hernandez-Ramirez's habeas petition

12  appears to be without merit and subject to dismissal.

13         28 U.S.C. § 2254 provides for habeas corpus relief for a prisoner in custody

14  "pursuant to a judgment of a State court." *See* 28 U.S.C § 2254(a). However, a federal

15  court may not grant habeas corpus relief on a claim for relief under section 2254 not

16  exhausted in state court. 28 U.S.C. § 2254(b). To exhaust a claim, a petitioner must

17  fairly present the claim to the highest state court, and must give that court the

18  opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)

19  (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A wholly unexhausted

20  petition is subject to dismissal. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001)

21  ("[T]he district court was 'obliged to dismiss immediately,' as the petition contained no

22  exhausted claims.") (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir.1997)).

23  ///

24  ///

25  ————————————

26         [1]The pendency of Hernandez-Ramirez's appeal to the BIA can also be viewed as a failure to exhaust. "An applicant's failure to properly raise an issue to the [BIA] generally constitutes a failure to exhaust, thus depriving [the court] of jurisdiction to

27  consider the issue." *Cervantes v. Holder*, 772 F.3d 583, 590 (9th Cir.2014). As Hernandez-Ramirez's case is still pending before the BIA, he has not exhausted any

28  claim regarding his removal proceeding.

3

1      It appears that Hernandez-Ramirez has not exhausted any claim in state court.

2  He states in his petition that he filed a petition for writ of habeas corpus in the state

3  district court in April 2015. *See* Petition for Writ of Habeas Corpus (dkt. no. 1 at 1).

4  Also, he has attached to his petition a copy of an order entered in the state district court

5  in April 2015, requiring a response by the State to his petition in that court. *See* Order

6  for Petition for Writ of Habeas Corpus, attached to Petition for Writ of Habeas Corpus.

7  He goes on to state that "[t]he Clark County District Court dismiss[ed] his motion on

8  June 10, 2015," because he is out of custody. *See* Petition for Writ of Habeas Corpus at

9  1. Hernandez-Ramirez does not state that he appealed to the Nevada Supreme Court

10  from the dismissal of his state habeas petition.

11      As it appears that Hernandez-Ramirez has yet to present any claim for relief to

12  the Nevada Supreme Court, his petition in this case, construed as a challenge to his

13  state-court conviction, appears to be wholly unexhausted and subject to dismissal.

14      Moreover, Hernandez-Ramirez's petition does state any federal ground for relief

15  with respect to his state-court conviction, and is subject to dismissal for that reason as

16  well.

17      It is therefore ordered that petitioner's application for leave to proceed *in forma*

18  *pauperis* (dkt. no. 3) is granted. Petitioner is granted leave of Court to proceed *in forma*

19  *pauperis*. Petitioner need not pay the filing fee for this action.

20      It is further ordered that petitioner shall have forty-five (45) days from the date of

21  entry of this order to show cause why the Court should not dismiss this action for the

22  reasons explained above. If petitioner does not respond to this order within the time

23  allowed, or if he does not make the required showing, this action will be dismissed.

24      It is further ordered that the Clerk of the Court shall add Adam Paul Laxalt,

25  Attorney General of the State of Nevada, as counsel for respondents.

26      It is further ordered that the Clerk of the Court shall electronically serve upon

27  respondents a copy of the habeas corpus petition in this case (dkt. no. 1), and a copy of

28  this order. Respondents' counsel shall enter a notice of appearance within thirty (30)

4

1    days of the entry of this order, but need take no further action in this case unless and

2    until the Court so orders.

3

4         DATED THIS 27th day of July 2015.

5

6         _____
          MIRANDA M. DU
7         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28